UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------x

THOMAS M. GRAFF, an individual; on behalf of himself and all others similarly situated,

                          Plaintiff,

vs.

UNITED COLLECTION BUREAU, INC., an Ohio Corporation; and JOHN AND JANE DOES NUMBERS 1 THROUGH 25,

                          Defendants.

---------------------------------------------------------------x

CASE NO.: 2:12-cv-02402-JS-GRB

**NOTICE OF RELATED CASE AND REQUEST FOR CONSOLIDATION**

**TO THE HONORABLE UNITED STATES DISTRICT COURT:**

PLEASE TAKE NOTICE that, pursuant to Local Civil Rule 1.6(a), notice is hereby given that this action is related to the following pending class action civil cases: *Hershkowitz, et al. v. United Collection Bureau, Inc.*, U.S. Dist. Court, E.D.N.Y. Case No. 1:12-cv-03373-MKB-RLM ("Hershkowitz Lawsuit"); and *Gravina, et al. v. United Collection Bureau, Inc., et al.*, U.S. Dist. Court, E.D.N.Y. Case No. 2:09-cv-04816-LDW-AKT ("Gravina Lawsuit"). Plaintiff submits that the following facts are relevant to a determination that this action, the Hershkowitz Lawsuit, and the Gravina Lawsuit should all be consolidated and heard by the same District Judge and Magistrate Judge, in an effort to promote the interests of judicial economy by avoiding unnecessary duplication of judicial effort:

    (1)    The Defendant, UNITED COLLECTION BUREAU, INC. ("UNITED COLLECTION"), is the sole defendant named in all three cases.

    (2)    UNITED COLLECTION is represented by the same lawyers in all three cases. The undersigned attorney represents the Plaintiff in this action and the Plaintiffs in the Gravina Lawsuit.

(3) All three cases are styled as class actions:

- This action seeks to certify the following class: (a) all persons in the State of New York (b) for whom UNITED COLLECTION left a telephonic voice message, in the form of the Graff Messages, (c) that did not identify UNITED COLLECTION by its company name or state that the call was for collection purposes (d) made in connection with UNITED COLLECTION's attempt to collect a debt (e) which Messages violate the FDCPA (f) during a period beginning May 15, 2011, and ending June 6, 2012.

- The Hershkowitz Lawsuit seeks to certify the following class: (a) all persons whom UNITED COLLECTION's records reflect resided within the State of New York who received telephone messages from UNITED COLLECTION within July 6, 2011, through July 6, 2012 (b) involving telephone messages which were placed without setting forth that the communication was from a debt collector, and (c) that the telephone messages were in violation of 15 U.S.C. §§ 1692e(10) and 1692e(11).

- The Gravina Lawsuit certified the following class: all persons with addresses in the United States of America who received a message left by UNITED COLLECTION on a telephone answering device which did not identify UNITED COLLECTION itself by name as the caller, state the purpose or nature of the communication, or disclose that the communication was from a debt collector and which message was left between November 5, 2008, and November 29, 2010. [*See, Gravina* Doc. 36]. The Final Approval Order in the Gravina Lawsuit permanently enjoined UNITED COLLECTION from leaving the <u>exact</u> types of telephone messages left in this action and in the Hershkowitz Lawsuit. [*See, Gravina* Doc. 36 at ¶7(a)]. Class Counsel in the Gravina Lawsuit have substantial evidence, which indicates that UNITED COLLECTION violated this Court's permanent injunction. [*Id.* at Doc. 37]. Consequently, the plaintiffs in the Gravina Lawsuit have sought leave to file a Motion for Contempt against UNITED COLLECTION for its violation of the Court's permanent injunction in that case. [*Id.*; Minute Order dated 8/13/12].

(4) All three cases involve the same factual predicate. Specifically, that UNITED COLLECTION has a policy and practice of leaving telephonic voice messages for consumers, which uniformly fails to: (1) provide meaningful disclosure of UNITED COLLECTION's identity as the caller; (2) identify UNITED COLLECTION as a debt collector; and (3) disclose that the purpose of the communication was an attempt to collect a debt.

(5) All three cases involve the same legal issues. Specifically, that UNITED COLLECTION's telephone messages, as alleged, continue to uniformly violate 15 U.S.C. §§ 1692e(10) and 1692e(11).

(6)  Plaintiff's action and the Gravina Lawsuit further allege that UNITED COLLECTION violated 15 U.S.C. § 1692d(6) by failing to meaningfully identify itself in messages left for consumers – which concomitant claims are based upon the same predicate facts and legal theories – namely, that UNITED COLLECTION failed to identify itself by its company name or state that it is a debt collector.

(7)  This action and the Hershkowitz Lawsuit each seek to certify classes based upon UNITED COLLECTION's uniform conduct of leaving telephone messages for consumers, which violate 15 U.S.C. §§ 1692e(10) and 1692e(11), and their respective classes overlap one another. These putative class claims are the exact types of factual and legal claims, which this Court enjoined UNITED COLLECTION from committing, and which is now the subject of the anticipated Motion for Contempt that will be filed in the Gravina Lawsuit.

The Plaintiff believes that this action, the Hershkowitz Lawsuit, and the Gravina Lawsuit should all be consolidated into a single case, as all three cases concern the same Defendant, factual predicate, legal issues, and (mostly) the same attorneys. Additionally, all three cases are styled as class actions and each could potentially impact the right of the parties in the other case especially given the anticipation of the contempt proceedings in the Gravina Lawsuit and the possibility that the Court may impose monetary sanctions against UNITED COLLECTION for its violation of the Court's injunction. Accordingly, in an effort to protect his legal claims, Plaintiff intends to seek a pre-motion conference with the Honorable Margo K. Brodie and Leonard D. Wexler, who are the judges respectively assigned to the Hershkowitz Lawsuit and Gravina Lawsuit.

In light of the foregoing, Plaintiff respectfully submits that consolidation of this action, the Hershkowitz Lawsuit, and the Gravina Lawsuit would eliminate duplication of effort and resources of the parties and the Court, eliminate the multiplication of proceedings, and thereby save substantial judicial effort and other economies. Plaintiff further submits that this action and the Hershkowitz Lawsuit should be consolidated into the Gravina Lawsuit as it is the lowest-numbered case of the three cases.

DATED:   Fresh Meadows, New York
         August 15, 2012

                                          *s/ William F. Horn*
                                          William F. Horn, Esq. (WH-1070)
                                          **LAW OFFICE OF WILLIAM F. HORN**
                                          188-01B 71st Crescent
                                          Fresh Meadows, NY 11365
                                          Telephone:  (718) 785-0543
                                          Facsimile:   (866) 596-9003
                                          E-Mail:  bill@wfhlegal.com

                                          *One of the Attorneys for Plaintiff, Thomas M. Graff, and all others similarly situated*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------x

THOMAS M. GRAFF, an individual; on behalf of himself and all others similarly situated,

                              Plaintiff,

vs.

UNITED COLLECTION BUREAU, INC., an Ohio Corporation; and JOHN AND JANE DOES NUMBERS 1 THROUGH 25,

                              Defendants.

-----------------------------------x

CASE NO.: 2:12-cv-02402-JS-GRB

**CERTIFICATE OF SERVICE**

      I, William F. Horn, Esq., being duly admitted to practice law in the State of New York and the Bar of this Court, hereby affirm under the penalties of perjury that on August 15, 2012, I served the within documents on the Clerk of this Court using the CM/ECF system. I also certify that the foregoing documents are being served this day on all counsel of record and Parties to this action in the manner specified, either via transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

DATED:      Fresh Meadows, New York
                August 15, 2012

                                                *s/ William F. Horn*
                                                William F. Horn, Esq. (WH-1070)
                                                **LAW OFFICE OF WILLIAM F. HORN**
                                                188-01B 71st Crescent
                                                Fresh Meadows, NY 11365
                                                Telephone: (718) 785-0543
                                                Facsimile: (866) 596-9003
                                                E-Mail: bill@wfhlegal.com

                                                *One of the Attorneys for Plaintiff, Thomas M. Graff, and all others similarly situated*