| **AGF&J** Abrams, Gorelick, Friedman & Jacobson, LLP<br>Attorneys At Law | One Battery Park Plaza<br>4th Floor<br>New York, NY 10004 | Phone: 212-422-1200<br>Fax: 212-968-7573<br>www.agfjlaw.com |

August 20, 2012

Via ECF
MAGISTRATE JUDGE GARY R. BROWN
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

  Re: **Graff v. United Collection Bureau, Inc.**
    **12-CV-2402 (JS)(GRB)**
    **Our File No.: 7919**

Dear Magistrate Judge Brown:

  We represent defendant United Collection Bureau, Inc. in the above-referenced matter. I am writing in response to Mr. Horn's letter to Your Honor, dated August 15, 2012.

  While it is normally not my practice to burden the Court with trivial issues, I feel that I must address the statements made in Mr. Horn's August 15, 2012 letter regarding the parties' settlement discussions because Mr. Horn's statements are inaccurate and twist the contents of our conversation.

  I spoke with Mr. Horn on the telephone regarding a potential settlement of the above-referenced matter. I advised him that my clients needed some basic discovery and information in order to entertain settlement discussions. I advised Mr. Horn that I needed him to provide me with some basic identifying information about the telephone calls. I specifically recall telling Mr. Horn that I needed the recordings. Once I received some basic identifying information from Mr. Horn, I could speak with my clients and let him know of any developments. However, I never received any information from Mr. Horn regarding the phone calls, so I had no more information regarding settlement to share with him.

  While my clients are certainly not opposed to resolving this matter at an early stage, they feel that they have a strong bona fide error defense. They feel they need identifying information about the alleged telephone calls before entering into settlement discussions. Despite my requests, Mr. Horn has not provided me with any identifying information about the calls or the recordings. Even though the parties were ordered to serve their initial disclosures by August 10, 2012, Mr. Horn, to date, has failed to provide

**AGF&J** Abrams, Gorelick, Friedman & Jacobson, LLP
Attorneys At Law

Magistrate Judge Brown
August 20, 2012
Page 2 of 4

my office with his client's initial disclosures. UCB timely served their initial disclosures on both counsel for plaintiff.

In sum, at this time, it is UCB's position that it has a bona fide error defense. Again, UCB is not opposed to resolving this matter at an early stage, but UCB believes that any settlement needs to be an informed one. UCB feels that it needs some basic discovery before it can engage in more informed settlement discussions with plaintiff.

Additionally, Mr. Horn's allegation in his letter to Your Honor that I and my associate failed to comply with Local Rule 1.6(a), for failing to bring the Hershkowitz v. United Collection Bureau, Inc. matter to Your Honor's attention as a potentially related case is just plain untrue and entirely premature.

First, at this extremely early juncture, I do not believe the cases can be deemed related. As you will recall, in the Graff Complaint, Mr. Graff alleges that employees of UCB left improper, live telephone messages for him. Mr. Horn also stated and confirmed during the initial conference before Your Honor that the telephone messages allegedly left for Mr. Graff were "live" messages. In contrast, in the Hershkowitz Complaint, Mr. Hershkowitz alleges that he received **pre-recorded** telephone messages. Moreover, the Hershkowitz Complaint does not provide a transcription of the automated voice messages allegedly left by UCB so it is impossible for me to determine what the message actually said and whether, it is in fact, similar to the message complained of in Graff. Moreover, at this date, it is unknown whether Mr. Hershkowitz was part of the settlement class in Gravina. Thus, based upon the pleadings alone, with no discovery whatsoever, I believe it is premature to say the Hershkowitz case is "related" to Graff and Gravina. While it is quite possible that after some initial discovery, the parties may feel the cases are related, at this very early juncture I believe it is extremely premature to say the cases are related.

Moreover, at the time that my associate appeared before Your Honor on August 1, 2012 for the Graff initial conference, she or I did not have an opportunity to speak with my clients in any detail regarding the sum and substance of the Hershkowitz Complaint. She didn't advise of the potentially related case because we did not believe the cases to be related. Moreover, my office didn't file an Answer to the Hershkowitz Complaint until August 8, 2012, which is after the date my associate appeared before Your Honor. Only one mere week after filing an Answer in Hershkowitz, Mr. Horn writes his purely inflammatory August 15, 2012 letter to Your Honor alleging that we obstructed the administration of the Court and requesting fees.

To date, we have not had any opportunity to investigate the allegations made in the Hershkowitz Complaint to determine what the alleged pre-recorded voicemail messages say. Nor has Mr. Horn provided us with any discovery in the Graff matter, including his client's Rule 26 Disclosures. At this date, with no information whatsoever

**AGF&J** Abrams, Gorelick, Friedman & Jacobson, LLP
Attorneys At Law

Magistrate Judge Brown
August 20, 2012
Page 3 of 4

regarding the alleged telephone messages in the Herskowitz case, I do not believe a determination can be made yet that the matters are related. My associate and I have acted in the utmost good faith and do not believe we have, and certainly never intended to "obstruct[]the effective administration of the Court's business."

Moreover, Mr. Horn's request that Your Honor issue an Order "directing Defendants' counsel, Barry Jacobs and Shari Sckolnick, to Show Cause why the Court should not pursuant to Local Civil Rule 1.6(b) 'assess reasonable costs directly against counsel whose action has obstructed the effective administration of the Court's business' is plain frivolous and is a poor attempt by Mr. Horn to obtain unearned fees. Certainly, there has been no obstruction of justice. I barely had "room to breath" after being retained as counsel in the Hershkowitz case before Mr. Horn prematurely wrote his August 15, 2012 letter to Your Honor requesting that I pay him fees. I certainly don't feel that Mr. Horn earned any fees because I do not believe, at this very early stage of the litigation, with no discovery whatsoever, the cases can be yet deemed related.

Given the above, we respectfully request that Your Honor deny Mr. Horn's request for an Order to Show Cause why we shouldn't have to pay his fees for bringing the Herskowitz case to Your Honor's attention. We thank the Court for its consideration of the above and await further instruction.

Respectfully yours,
ABRAMS, GORELICK, FRIEDMAN
& JACOBSON, LLP.

BY: _/s/ Barry Jacobs_
Barry Jacobs, Esq.

cc:   VIA ECF:
Abraham Kleinman, Esq. (AK-6300)
KLEINMAN, LLC
Attorney for Plaintiffs
626 RXR Plaza
Uniondale, New York 11556
Tel: (516) 522-2621
Fax: (888) 522-169

**AGF&J** Abrams, Gorelick, Friedman & Jacobson, LLP
Attorneys At Law

Magistrate Judge Brown
August 20, 2012
Page 4 of 4

    VIA ECF:
    William Horn, Esq. (WH-1070)
    LAW OFFICE OF WILLIAM F. HORN
    Attorney for Plaintiffs
    188-01B 71st Crescent
    Fresh Meadows, New York 11365
    Tel: (718) 785-0543
    Fax: (866) 596-9003