UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------- x
THOMAS M. GRAFF, an individual, on behalf of himself and all others similarly situated,

Docket No.: 12cv2402
(JS) (GRB)

Plaintiff,

**UCB'S REPLY IN OPPOSITION TO NOTICE OF RELATED CASE AND REQUEST FOR CONSOLIDATION**

-against-

UNITED COLLECTION BUREAU, INC., an Ohio Corporation, and JOHN AND JANE DOES NUMBER 1 THROUGH 25,

Defendant.
----------------------------------------------------------------------- x

Defendant United Collection Bureau, Inc. ("UCB") respectfully submits this Opposition to Mr. Horn's "Notice of Related Case and Request for Consolidation."

**INTRODUCTION/FACTS**

Mr. Horn seeks to consolidate Graff v. UCB, U.S. Dist. Court, E.D.N.Y. Case No. 2:12-cv-02402 (JS)(GRB) ("Graff") with Hershkowitz v. UCB, U.S. Dist. Court, E.D.N.Y. Case No. 1:12-cv-03373 (MKB)(RLM) ("Hershkowitz") and Gravina v. UCB, U.S. Dist. Court, E.D.N.Y. Case No. 2:09-cv-04816 (LDW)(AKT) ("Gravina"). Graff and Hershkowitz are new cases where there has been minimal or no discovery whatsoever. Significantly, Gravina was already resolved and marked closed by this Court, the Order granting final approval to the class settlement having been entered on November 29, 2010.

Mr. Horn argues that all three cases should be consolidated and heard together because they involve UCB's alleged failure to provide meaningful disclosure as required by the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. 1692 *et seq.* Mr. Horn argues that Graff and

Hershkowitz should be consolidated with Gravina because the factual allegations in the Graff and Hershkowitz Complaints constitute contempt of the Order granting final approval to the class settlement in Gravina.

In Gravina, on November 29, 2010, Judge Wexler entered an Order granting final approval to the class settlement and entering an injunction against UCB. The Gravina injunction provides as follows: "In all telephone voice messages left by Defendant for consumers on telephone answering devices, the Defendant will *use its best efforts* to ensure that it meaningfully identifies itself by stating its company name as the caller, accurately stating the purpose or nature of the communication, and disclosing that the communication is from a debt collector." (emphasis added).

Mr. Horn alleges the allegations in the Graff and Hershkowitz Complaints constitute a violation of this injunctive language. However, it is UCB's position that since Gravina, it has instituted policies and practices in order to ensure compliance with the Court's order. To the extent proper disclosure was not given, which is not conceded by UCB, UCB believes it was the result of a bona fide error. UCB submits that it continues to "use its best efforts" to ensure that it meaningfully identifies itself to consumers and it did not violate the Gravina injunction.

As will be set forth in further detail below, UCB submits that the Court should deny Mr. Horn's instant application to consolidate all three actions into Gravina because (1) it would be **extremely prejudicial** to UCB to consolidate Graff and Hershkowitz (two cases where there has been no finding of liability and no determination of class certification) into Gravina, a case that has been resolved and where there has already essentially been a finding of liability against UCB; (2) it would not promote judicial economy to consolidate Graff and Hershkowitz into Gravina, a case which has already been resolved; (3) with regard to the anticipated contempt

motion in Gravina, in order to determine whether there was a violation of the final order of settlement, the Court will need to determine whether or not UCB used "its best efforts" to provide meaningful disclosure to consumers; this is a different legal standard than determining strict liability under the FDCPA in Graff and Hershkowitz; (4) with regard to the anticipated contempt motion in Gravina, it is not alleged that Messrs. Graff and Hershkowitz were members of the Gravina class and it has not been determined whether they have standing or any legal basis to bring a motion for contempt of the final order of settlement in Gravina; (5) there has been absolutely no finding of liability yet in Graff and/or Hershkowitz which could serve as a basis for a contempt motion in Gravina; and (6) it is unclear at this extremely early juncture whether there are common issues of fact in Graff, Hershkowitz and Gravina as no discovery has taken place in Graff and Hershkowitz and the pleadings in Graff and Hershkowitz indicate that the factual basis for and UCB's defenses to the claims may be different from one another.

## LEGAL STANDARD

To succeed on a motion for consolidation, the moving party must demonstrate that the actions sought to be consolidated contain common questions of law or fact. Fed. R. Civ. P. 42. Even upon the requisite showing, a court has broad discretion in determining whether consolidation is appropriate by balancing the economy gained and prejudice to parties. See Haas v. Brookhaven Memorial Hosp., 2008 U.S. Dist. LEXIS 106632, at *2 (E.D.N.Y. Mar. 26, 2008) (denying plaintiff's motion to consolidate because he made no showing on the record that consolidation would assist judicial economy or avoid unnecessary delays or confusion); Smith v. Everson, 2007 U.S. Dist. LEXIS 58293 at *3 (E.D.N.Y. Aug. 6, 2007) (denying motion to consolidate where consolidation would lead to confusion in light of distinct issues involved and would not improve efficiency of discovery); Johnson v. Kerney, 1993 U.S. Dist. LEXIS 18503at

*6 (E.D.N.Y. Dec. 22, 1993) (denying motion to consolidate in order to avoid potential confusion and prejudice to plaintiff).

A motion to consolidate may be denied if the common issue is not a principle one, if it will cause delay in one of the cases, or will lead to confusion or prejudice in the trial of a case. See 9 C. Wright & A. Miller, Federal Practice and Procedure, § 2382 (Civil 2d. 1995). A court may deny consolidation when one case is further into the discovery process. See 9 C. Wright & A. Miller, Federal Practice and Procedure, § 2382 (Civil 2d. 1995);

## ARGUMENT

The only common issue between the three cases is the same defendant, UCB, and an allegation of violation of the FDCPA for failing to provide meaningful disclosure. However, as stated above, acknowledging a common legal and/or factual issue is not enough to satisfy Plaintiff's burden. Here, interests of judicial economy in consolidating Graff and Hershkowitz into Gravina are minimal, if not non-existent. They are also heavily outweighed by factors such as extreme prejudice to UCB and confusion in litigating a case that has already been resolved with two cases which are in the early, initial stages of discovery, with no findings of liability.

Most significantly, Gravina has already been resolved with a final order of settlement having been entered on November 29, 2010. Therefore, it would not promote judicial economy to consolidate Graff and Hershkowitz into Gravina. More importantly, it would be extremely prejudicial to consolidate the actions. Graff and Hershkowitz are at the extremely early stages of litigation with minimal, if not no, discovery exchanged by plaintiff. There has been no finding of liability and no class certification in either Graff or Hershkowitz.

With regard to Mr. Horn's anticipated contempt motion in Gravina, it is entirely unclear what plaintiff he is making the motion on behalf of. It is not alleged that Messrs. Graff and

Hershkowitz were members of the Gravina class. The class of plaintiffs in Gravina was defined by the Court to be individuals who received a message from UCB between November 5, 2008 and November 29, 2010. Messrs. Graff and Hershkowitz and the purported class members in those actions allege they received telephone messages in the years 2011 and 2012. Therefore, UCB believes that Messrs. Graff and Hershkowitz were not members of the Gravina class. UCB is in the process of confirming, from review of its records, whether Messrs. Graff and Hershkowitz were members of the Gravina class. However, based upon the pleadings and Messrs. Graff and Hershkowitz failure to affirmatively state they were members of the Gravina class, UCB does not believe they were members of the class and does not believe they have standing or any legal basis to bring a motion for contempt of the final order of settlement in Gravina.

Additionally, even if Messrs. Graff and Hershkowitz were members of the Gravina class and may technically have standing to bring a motion for contempt of the final order of settlement in Gravina, there has been no finding of liability yet in Graff and/or Hershkowitz which could serve as a basis for a contempt motion in Gravina. A court cannot find contempt in Gravina, when no subsequent wrongdoing or violation has been established. UCB believes that whether there has been a violation of the Gravina final order of settlement can only be made **after** a determination as to liability is made in Graff and Hershkowitz.

Moreover, even if the Court found that UCB was liable in Graff and/or Hershkowitz under the FDCPA's strict liability provisions, the Court could still find that UCB "use[d] its best efforts" to ensure that it meaningfully identifies itself in compliance with the Gravina final order of settlement. To that extent, whether there has been a violation of the final order of settlement

in Gravina is a distinct and separate legal issue then whether there is strict liability in Graff and Hershkowitz. Thus, judicial economy is not promoted by consolidating all three actions.

Further, at this extremely early juncture, I do not believe the cases can be deemed factually or legally related. In Graff, the Complaint alleges that UCB left **live** telephone messages for him. In contrast, in Hershkowitz, the Complaint alleges that the plaintiff received **pre-recorded** and/or automated telephone messages from UCB. Moreover, the Hershkowitz Complaint does not provide a transcript of the automated/pre-recorded voice messages allegedly left by UCB. Counsel for UCB has not been able to reach counsel for Mr. Hershkowitz to learn the contents of the message and no discovery has been exchanged which provides the language in the message. Notably, Mr. Horn is not counsel for Mr. Hershkowitz. UCB therefore presumes that Mr. Horn doesn't have actual knowledge of the exact contents of the message allegedly left for Mr. Hershkowitz either.

Thus, based upon the pleadings alone, with no discovery whatsoever, I believe it is premature to say Hershkowitz is factually "related" to Graff and Gravina. While it is quite possible that after some initial discovery, Graff may be, in fact, "related" to Hershkowitz, at this very early juncture UCB believes a determination regarding relatedness between those two cases is premature and consolidation should not be granted at this time. UCB submits that under no circumstances should Graff and Hershkowitz be consolidated with Gravina - a closed, resolved case.

Lastly, UCB notes that Mr. Horn filed Notices of Related Case and Request for Consolidation" in both Gravina and Graff, but not in Hershkowitz. UCB submits this as its Opposition to both of Mr. Horn's Notices of Related Case and Request for Consolidation.

## CONCLUSION

For the foregoing reasons, Defendant UCB submits that the Court should decline to designate the above-referenced cases "related" and should deny Mr. Horn's request for consolidation.

Dated: New York, New York
       August 21, 2012

                                      Abrams, Gorelick, Friedman,
                                      & Jacobson, LLP
                                      Attorney for Defendant
                                      UNITED COLLECTION BUREAU, INC.

                                      By: *Barry Jacobs* (signature)
                                         BARRY JACOBS, ESQ. (BJ-0216)
                                      One Battery Park Plaza, 4th Fl.
                                      New York, New York 10004
                                      Tel.: (212) 422-1200
                                      Fax: (212) 968-7573
                                      Our File No.: 7919

To:    Abraham Kleinman, Esq. (AK-6300)
        KLEINMAN, LLC
        Attorney for Plaintiffs
        626 RXR Plaza
        Uniondale, New York 11556
        Tel: (516) 522-2621
        Fax: (888) 522-169

        William Horn, Esq. (WH-1070)
        LAW OFFICE OF WILLIAM F. HORN
        Attorney for Plaintiffs
        188-01B 71st Crescent
        Fresh Meadows, New York 11365
        Tel: (718) 785-0543
        Fax: (866) 596-9003