| Andrew T. Thomasson, Esq.*<br>*Managing Member*<br><br>*Admitted in NJ Only | **THOMASSON LAW, LLC**<br>101 Hudson Street, 21st Floor<br>Jersey City, NJ 07302<br>Telephone: (201) 479-9969 | WRITER'S DIRECT DIAL:<br>(973) 665-2056 telephone<br>(855) 479-9969 facsimile<br><br>WRITER'S E-MAIL:<br>andrew@thomassonllc.com |
|---|---|---|

October 28, 2014

Hon. Gary R. Brown, U.S.M.J.
UNITED STATES DISTRICT COURT
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

   *Re:* *Thomas M. Graff, et al. v. United Collection Bureau, Inc.*
      E.D.N.Y. Case No. 2:12-cv-02402-GRB

Dear Judge Brown,

  I am Class Counsel in the referenced matter, and I submit this letter to the Court on behalf of all Parties. On October 24, 2014, the Court entered an Order granting preliminary approval of Plaintiff's Consent Motion for Class Certification. [Doc. 60]. In reviewing the Court's Order, the Parties noticed a scrivener's error – namely that the final fairness hearing is set for April 7, 20<u>14</u> (instead of 2015). Out of an abundance of caution the Parties believe it best to correct the error to avoid any possible confusion by class members who may review the Court's order on the class settlement website, as it will different from the date provided in the class notice.

  Accordingly, the Parties have enclosed herewith a proposed Corrected Preliminary Approval Order for the Court's consideration, which includes the date of the Final Fairness hearing inserted in the appropriate spaces. In addition, the Corrected Order clarifies the end date from a timing perspective as to the members of the settled class. Should the Court approve, the Parties respectfully Your Honor sign and enter the enclosed corrected order so they may proceed with providing notice to the class.

  On behalf of the Parties, I thank the Court for its continued courtesies and its consideration of the Parties' herein request.

Respectfully submitted,
*Andrew T. Thomasson*
Andrew T. Thomasson, Esq.
*Via ECF Filing Only*

*Encl:stated*

cc: All Counsel of Record *via ECF Filing Only*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x

THOMAS M. GRAFF, an individual; on behalf of himself and all others similarly situated,

                            Plaintiffs,

vs.

UNITED COLLECTION BUREAU, INC., an Ohio Corporation,

                            Defendant.

---------------------------------------------------------------x

CASE NO.: 2:12-cv-02402-GRB

**CORRECTED ORDER GRANTING PRELIMINARY APPROVAL OF CLASS SETTLEMENT AGREEMENT**

      This matter is before the Court by way of the Parties' Motion for Preliminary Approval of the Stipulation of Settlement in the above-captioned matter ("Lawsuit"). The Parties have submitted a Stipulation of Settlement ("Stipulation") that the Court has reviewed, and the Court finds that it is just and proper that the Stipulation be approved.

      Based upon the Stipulation, the Parties' Motion for Preliminary Approval and documents in support thereof, the record and exhibits herein, and it appearing to the Court upon preliminary examination, that the proposed settlement appears to be fair, reasonable, and adequate, and that a Final Fairness Hearing on the matter should and will be held on <u>April 7, 2015, at 2:00 p.m.</u>, after mailed notice to the Class Members, to confirm that the proposed settlement is fair, reasonable, and adequate, and to determine whether a Final Order and Judgment should be entered in this Lawsuit:

      It is hereby **ORDERED**, **ADJUDGED**, and **DECREED** as follows:

      1.    The Court has jurisdiction over the subject matter of the Lawsuit and over all settling parties hereto for purposes of settlement only.

2. Class Members: For settlement purposes only, and in accordance with Fed. R. Civ. P. 23(b)(3), the Lawsuit is hereby preliminarily and conditionally certified as a class action on behalf of the following classes of consumers (hereinafter referred to as the "Class Members"):

(a) All persons with addresses in the United States of America, for whom United Collection Bureau, Inc. ("UCB") left a telephonic voice message at a number that did not identify UCB by its full company name or state that the call was for collection purposes, made in connection with UCB's attempt to collect a debt, during the period of February 19, 2013, through the date of the entry of this Corrected Order Granting Preliminary Approval of Class Settlement Agreement; and

(b) All persons with addresses in the State of New York, for whom UCB left a telephonic voice message at a number that did not identify UCB by its full company name or state that the call was for collection purposes, made in connection with UCB's attempt to collect a debt, during the period of May 15, 2011, through the date of the entry of this Corrected Order Granting Preliminary Approval of Class Settlement Agreement.

3. Class Representative and Class Counsel: For settlement purposes only, and in accordance with Fed. R. Civ. P. 23, the Court preliminarily certifies the named Plaintiff, Thomas M. Graff, as the Class Representative. The Court preliminarily certifies counsel for Plaintiff, Andrew T. Thomasson and Abraham Kleinman, as Class Counsel. This Court preliminarily finds that Class Counsel have, and will continue to, fairly and adequately represent the interests of the Class Members. Plaintiff and Class Counsel, on behalf of the Class Members, are authorized to

take all appropriate action required or permitted to be taken by the Stipulation to effectuate its terms.

4. Preliminary Class Certification: For settlement purposes only, the Court preliminarily finds that the Lawsuit satisfies the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23 for each of the proposed Settlement Classes, namely:

- The Class Members are so numerous that joinder of all of them in the Lawsuit is reasonably impracticable;

- There are questions of law and fact common to the Class Members, which predominate over any individual questions;

- The claims of the named Plaintiff are typical of the Class Members;

- Plaintiff and Class Counsel have fairly and adequately represented and protected the interests of all of the Class Members; and

- Class treatment of these claims will be efficient and manageable, thereby achieving an appreciable measure of judicial economy, and a class action is superior to the other available methods for a fair an efficient adjudication of this controversy.

5. For settlement purposes only, the Court preliminarily finds that settlement of the Lawsuit, on the terms and conditions set forth in the Stipulation preliminarily appears in all respects fair, reasonable, adequate and in the best interest of the Class Members and within the range of possible approval, especially in light of the complexity, expense, and probable duration of further litigation, the risk and delay inherent in possible appeals, the risk of collecting any judgment obtained on behalf of the Class Members, and the limited amount of any potential total recovery for the classes. This finding is subject to further consideration at the Final Fairness Hearing.

6. The Third Party Class Action Administrator: The Court appoints Heffler Claims Group, LLC as Class Administrator to assist in the administration of the Class Settlement and

provide notification to Class Members. The costs and expenses for the Class Administrator shall be paid subject to the terms of the Stipulation.

7.  The Class Administrator will be responsible for mailing the approved class action notice to the Class Members as outlined in the Stipulation. A separate checking account (hereafter "the Settlement Fund") will be established by the Class Administrator, as also provided for in the Stipulation.

8.  The Class Administrator is permitted to obtain information governed by the Fair Credit Reporting Act for the sole purpose and to the extent necessary of locating current addresses of class members, pursuant to 15 U.S.C. § 1681b(a)(1).

9.  Notice Plan: The Court approves the Parties' Notice Plan as set forth in the Stipulation including the form and substance of the written class notices attached thereto as *Exhibits 1 and 2* (the "Class Notices"). This Court finds the Parties' proposed Notice Plan as set forth in the Stipulation, including the Class Notices, fully satisfies the requirements of due process, the Federal Rules of Civil Procedure and any other applicable laws, and constitutes the best notice practicable under the circumstances and shall constitute due and sufficient notice to all persons entitled thereto. Accordingly, this Court approves the form and content of the Notice Plan and Class Notices.

10. The Final Fairness Hearing shall take place before the Honorable Gary R. Brown on April 7, 2015, at 2:00 p.m., at the United States District Court, Eastern District of New York, to determine: whether the proposed Settlement of the Lawsuit on the terms and conditions provided for in the Stipulation is fair, reasonable and adequate as to the Settlement Class Members and should be approved; whether Judgment, as provided for in the Stipulation, should be entered; and the amount of any fees and costs that may be awarded to Class Counsel, and the

amount of any service award that may be awarded to Plaintiff, as provided for in the Stipulation. The Court will also hear and consider any properly lodged objections at that time under the process set forth below.

11. Subject to final approval after the Final Fairness Hearing, all Class Members who do not request exclusion ("opt-out") from the Settlement Class certified pursuant to Federal Rule of Civil Procedure 23(b)(3) shall be bound by all determinations and judgments in this Lawsuit concerning the Settlement, including, but not limited to, the validity, binding nature and effectiveness of the releases set forth in the Stipulation. To be valid, a request for opt-out must be in writing and personally signed by the Class Member who seeks to be excluded and sent to the Class Administrator, and it must include: (1) the name, address, telephone number, and the last four digits of the Class Member's Social Security Number; (2) a sentence stating that s/he is a Settlement Class Member; and (3) the following statement: "I request to be excluded from the class settlement in *Thomas M. Graff v. United Collection Bureau, Inc*." No person within the Settlement Class, or any person acting on behalf of or in concert or participation with that person, may exclude any other person within the Settlement Class from the Settlement Class. In no event shall persons who purport to opt out of the Settlement Class as a group, aggregate, or class involving more than one consumer be considered valid opt-outs. Opt-out requests must be postmarked to the Class Administrator no later than thirty (30) days before the Final Approval Hearing.

12. Any Class Member who has not previously opted-out in accordance with the terms of Paragraph 11 above may appear at the Final Fairness Hearing to argue that the proposed Settlement should not be approved. However, no individual within the Settlement Class shall be heard, and no objection may be considered, unless the individual serves the written objection no

later than thirty (30) days before the Final Fairness Hearing. Copies of all objection papers must also be served on Class Counsel and Defendant's Counsel via U.S. mail and/or facsimile, with any such mailing or facsimile postmarked/time-stamped no later than that same date, at the following addresses:

| | |
|---|---|
| Andrew T. Thomasson, Esq. | David N. Anthony, Esq. |
| THOMASSON LAW, LLC | TROUTMAN SANDERS, LLP |
| 101 Hudson Street, 21st Floor | 1001 Haxall Point |
| Jersey City, NJ 07302 | Richmond, VA 23219 |
| Facsimile: (855) 479-9969 | Facsimile: (804) 698-5118 |

All objections must be in writing and personally signed by the Settlement Class Member and include: (1) the objector's name, address, telephone number, and the last four digits of their Social Security Number; (2) a sentence stating that to the best of his or her knowledge s/he is a member of the Settlement Class; (3) the name and number of the case: *Thomas M. Graff, et al. v. United Collection Bureau, Inc.*, E.D.N.Y. Case No. 12-cv2402-GRB; (4) the factual basis and legal grounds for the objection to the Settlement; (5) the identity of witnesses whom the objector may call to testify at the Final Fairness Hearing; and (6) copies of any exhibits the objector may seek to offer into evidence at the Final Fairness Hearing. The written objection must further indicate whether the Settlement Class Member and/or their lawyer(s) intend to appear at the Final Fairness Hearing. Any lawyer who intends to appear at the Final Fairness Hearing also must enter a written Notice of Appearance of Counsel with the Clerk of the Court no later than thirty (30) days before the Final Fairness Hearing and shall include the full caption and case number of each previous class action case in which that counsel has represented an objector.

To the extent necessary or desired, the Settling Parties may respond to any properly filed objections no later than fourteen (14) days before the Final Fairness Hearing.

13. All proceedings in this Lawsuit are stayed pending final approval of the Settlement, except as may be necessary to implement the Settlement or comply with the terms of the Stipulation.

14. Pending the Court's final determination of whether the Stipulation should be approved, Plaintiff, all Class Members and any person or entity allegedly acting on behalf of any Class Member, either directly, representatively or in any other capacity, are preliminarily enjoined from commencing or prosecuting against the Released Parties any action or proceeding in any court or tribunal asserting any of the Released Claims (as those terms are defined in the Stipulation); provided, however, that this injunction shall not apply to individual claims of anyone who timely excludes themselves from the Settlement in a manner that complies with Paragraph 11 above. This injunction is necessary to protect and effectuate the Settlement, this Order, and this Court's flexibility and authority to effectuate the Settlement and to enter Judgment when appropriate, and it is ordered in aid of this Court's jurisdiction and to protect its judgments pursuant to 28 U.S.C. § 1651(a).

15. If the Stipulation is terminated or is not consummated for any reason whatsoever, the preliminary certification of the Settlement Class shall be void, and Plaintiff and UCB shall be deemed to have reserved all their respective rights to propose or oppose any and all class certification issues.

16. Neither this Order nor the Stipulation shall constitute any evidence or admission of liability by UCB, or an admission regarding the propriety of any certification for any particular class for purposes of litigation, nor shall they be offered in evidence in this or any other proceeding except to consummate or enforce the Stipulation or the terms of this Order, or by UCB in connection with any action asserting any claim of release.

-8-

17.     This Court reserves the right to adjourn or continue the date of the Final Fairness Hearing without further notice to the Settlement Classes, and retains jurisdiction to consider all further applications arising out of or connected with the Settlement. This Court may approve or modify the Settlement without further notice to the Settlement Classes.

**IT IS SO ORDERED:**

_____
HONORABLE GARY R. BROWN
Magistrate Judge, United States District Court

Dated: