UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| THOMAS M. GRAFF, an individual; on behalf of himself and all others similarly situated, | ) Case No.: 2:12-cv-02402-GRB )  ) |
| Plaintiffs, | ) ) |
| vs. | ) ) |
| UNITED COLLECTION BUREAU, INC., an Ohio Corporation, | ) ) ) |
| Defendant. | ) ) |

**Objector Bradley Good's Supplemental Memorandum
in Reply To Plaintiff's Response to
Objection to Proposed Class-Action Settlement**

Ariana Lindermayer
MFY Legal Services, Inc.
299 Broadway, 4th Floor
New York, NY 10007
(212) 417-3742
alindermayer@mfy.org

Cary L. Flitter (admitted pro hac vice)
Flitter Lorenz, P.C.
450 N. Narberth Avenue, Suite 101
Narberth, PA 19072
(610) 822-0782
cflitter@consumerslaw.com

Scott Michelman
Allison M. Zieve
Public Citizen Litigation Group
1600 20th Street NW
Washington, DC  20009
(202) 588-1000

April 8, 2015

Class member Bradley Good hereby files this supplemental memorandum in reply to plaintiff's response to his objection to the class-action settlement (Doc. No. 63) as permitted by the Court (Doc. 69).

## A. Class definition and lack of meaningful relief

Class counsel begins with a defense of cy pres in general, but Good has not argued that cy pres may never be awarded. Rather, whether cy pres is appropriate depends on context. In this case, where the recovery is de minimis only because of the excessively broad class definition constructed by the parties, a no-cash, all cy pres settlement yields a result that is neither fair nor adequate to the class in exchange for the rights surrendered.

Nowhere in eight pages of briefing (at 7-14) does class counsel address the elephant in the room: Why was this case settled as a nationwide class, as opposed to the smaller New York class alleged in the initial complaint? This case was originally filed in May 2012 as a New York-only class. (Doc. No. 1, ¶76). More than two years later, in June 2014, Defendant and Plaintiff stipulated (Doc. No. 53) to Plaintiff filing an Amended Complaint on behalf of a nationwide class (Doc. No. 54, ¶78), and six weeks later they presented a proposed nationwide settlement to this Court for preliminary approval. (Doc. No. 58). These facts strongly suggest that the parties expanded the class size only to benefit UCB, giving it broad protection from further accountability without requiring it to pay a penny more than if it had settled the New York class action originally pleaded.

Limiting an FDCPA class to a more appropriate size "is to Class members' advantage because the total recovery will be divided under a smaller number of individuals." *Harlan v. Transworld Sys., Inc.*, 302 F.R.D. 319, 326 n.11 (E.D. Pa. 2014), *final approval at* 2015 WL 505400 (E.D. Pa. Feb. 6, 2015) ($22,200 FDCPA class recovery distributed to 222 class members). A nationwide class was plainly not required here and has repeatedly been found to be ill-advised

1

in FDCPA cases. *See*, *e.g.*, *LaRocque v. TRS Recovery Servs., Inc.,* 2013 WL 30055 (D. Me. Jan. 2, 2013) (collecting cases).

Plaintiff (at 8) relies on *Guevarra v. Progressive Fin. Servs.*, 497 F. Supp. 2d 1090 (N.D. Cal. 2007). There, the court was concerned that class counsel had divided up the class to maximize attorneys' fees without significant benefit to the clients. Here, the opposite problem is present: class counsel has agreed to an expanded nationwide class to benefit the *defendant*, with no concomitant benefit to any of the class members in the 49 states belatedly added to the case. In *Wenig v. Messerli & Kramer, P.A.*, 2013 WL 1176062 (D. Minn. Mar. 21, 2013), also cited by Plaintiff (at 8), although the court declined to certify a one-county class based on what it believed was "gerrymandering" by the plaintiff and concern over serial class cases, the court recognized that a nationwide class is not required. Here, where a New York-only class was the basis on which this case was litigated for two years by New York counsel, such concerns are unwarranted. And *Fariasantos v. Rosenberg & Associates, LLC*, 303 F.R.D. 272, 278 (E.D. Va. 2014), cited by class counsel (at 9), supports Good: the court held that a state-wide class was appropriate, denying certification only of a county-wide class under the facts of that case.

Importantly, Plaintiff fails to address the thrust of Good's objection: In this case, the belated expansion a nationwide class results in the broad release of clams of at least 568,023 class members while providing no individualized relief (Aff. of Administrator, Doc. No. 64), making *this* diluted class settlement inadequate and unreasonable. *See e.g. Zimmerman v. Zwicker & Assocs.*, 2011 WL 65912, at *6-7 (D.N.J. Jan. 10, 2011) (rejecting proposed nationwide class settlement where class members would receive more in state-by-state actions). Plaintiff cites (at 13) to cases in which a court granted class certification in an FDCPA case and implies that, in each, the court rejected an argument that certification should be denied because individual

recoveries would then be de minimis. To begin with, some of those cases do not address that argument at all. *E.g.*, *Blarek v. Encore Receivables Mgmt.*, 244 F.R.D. 525, 530 (E.D. Wis. 2007); *Hunt v. Check Recovery Sys., Inc.*, 241 F.R.D. 505, 514 (N.D. Cal. 2007); *Agan v. Katzman & Korr, P.A.*, 222 F.R.D. 692, 701 (S.D. Fla. 2004). More importantly, none of those cases appear to involve a situation where the class size was exponentially increased for the purpose of settlement, to the advantage of the defendant and disadvantage of the absent class members.

The FDCPA's "no minimum recovery" provision, § 1692k(a)(2)(B), promotes FDCPA enforcement via private class actions in cases where certification might otherwise be denied because the small recovery could impede Rule 23(b)(3) superiority. *See Gaalswijk-Knetzke v. Receivables Mgmt. Servs. Corp.*, 2008 WL 3850657 (M.D. Fla. Aug. 14, 2008) (collecting cases). This statutory provision was not intended to allow settling parties to manipulate the class size in order to provide valuable *res judicata* to the debt collector at the lowest price per capita.

**B. Release**

The breadth of the class definition is matched by the breadth of the release. Although broad releases are not uncommon, a broad release here is inappropriate given the small value of the benefit afforded the class.

Importantly, this case arises out of telephone calls placed to consumers—sometimes "scores" of calls to each. (Am. Complt., Doc. 54, ¶¶ 19, 24, 39). Like many debt collectors, UCB has been sued by consumers alleging violations of the Telephone Consumer Protection Act (TCPA), *e.g.*, *Capote v. UCB*, No. 09-61834 (S.D. Fl.); *Calderon v. UCB*, No. 2:14-cv-08393 (C.D. Cal.), which provides for statutory damages and a four-year statute of limitations. *Giovaniello v. ALM Media, LLC*, 726 F.3d 106, 115 (2d Cir. 2013). Given that FDCPA liability here is virtually assured in light of the earlier *Gravina* case and November 29, 2010, consent

3

injunction against these very calls (Am Complt, Doc 54 at ¶¶ 37, 38 & Exh. A), class counsel was in a strong negotiating position, and a narrower release and class scope could and should have been negotiated.

Class counsel asserts that the release does not cover claims arising under the TCPA, but the broad release language would include such claims.

### C. Inadequacies in the Notice

**1.** Although plaintiff recites standards for notice, he does not mention, much less deny, that the postcard notice does not inform class members that, under the settlement, they would give up the right to claim up to $1,000 in statutory damages. *See* Good Objection 5-6. The statement (at 14) that the postcard provided a "summary" and "stated the options available" to class members does not address the deficiency. The fundamental problem is that the postcard did not offer even a hint that class members are giving up their right to seek statutory damages, and the long form notice—which many class members would not go online to read in light of the postcard's misleading statement about individual damages—neglected to explain that fact in terms that would be clear to the "every day, common consumer" even if the consumer reads "with some care." *Greco v. Trauner, Cohen & Thomas, L.L.P.*, 412 F.3d 360, 363 (2d Cir. 2005). Plaintiff does not refute this objection.

**2.** Speaking in general terms about reasonableness in the context of a class notice, class counsel devotes several pages to explaining why the notice was not deficient for failing to disclose the amount of attorneys' fees. The cited cases do not excuse the notice here from the failure to comply with Federal Rule of Civil Procedure 23(h), which requires that the class be given notice of the request for fees and an opportunity to object. For instance, in *Reade-Alvarez v. Eltman, Eltman & Cooper, P.C.*, 2006 WL 941765 (E.D.N.Y. Apr. 12, 2006), cited by Plaintiff (at 15), the

4

court denied preliminary approval of a proposed class-action settlement where the parties proposed to provide no individual notice; the court did not discuss notice of attorney's fees at all, much less approve a settlement agreement where such notice was not provided. *Id.* at *1, *4. And in *Dupler v. Costco Wholesale Corp.*, 705 F. Supp. 2d 231 (E.D.N.Y. 2010), cited by Plaintiff (at 15) to argue that courts routinely approve settlements where the short-form notice did not reference fees, "the class notice stated that counsel would request up to $5,380,000," *id*. at 248 & n.18, which was the amount that class counsel sought. *Id*. Here, where the attorneys' fees dwarf the recovery, a class member advised of the $175,000 in class counsel fees—when he or she gets no individual relief in exchange for a broad release—might well have questions or objection. The parties' non-compliance with Rule 23(h) should not be permitted.

### D. Magistrate Judge's Authority

In response to Good's demonstration that magistrate judges lack authority to approve a binding settlement without the consent of the absent class members, *see* Good Objection 9-17, class counsel first argues that courts have upheld 28 U.S.C. § 636 as constitutional. Good did not argue, however, that § 636 is unconstitutional in general, but as applied to a magistrate judge's performance of the Article III function of finally adjudicating a case without the consent of the parties who will bound by that adjudication.

Next, class counsel argues that courts have held that "parties" in § 636 means "named parties" and that other courts have rejected Good's underlying constitutional claim. These arguments fail to respond to the substance of the objection: that the absence of notice to and consent by absent class members raises a constitutional problem that can be remedied only by a constitutional holding or by construing the reference of § 636(c)(1) to "parties" in this context as a reference to all parties, including unnamed parties. Only a handful of courts have so far

5

considered this point and, as argued in the objection, this Court is not bound by those decisions, which, for the reasons set forth in Good's objection, were incorrectly decided. *See Day v. Persels & Assocs.*, 729 F.3d 1309, 1331-38 (11th Cir. 2013) (Pro, J., district court judge sitting by designation, former magistrate judge, dissenting in part and concurring in part).

Nonetheless, if the Court is persuaded that "parties" in § 636(c)(1) *must* refer to "named parties," it must then confront the constitutional question and should hold—for the reasons explained in Good's objection—that a magistrate judge may only issue a report and recommendation to approve the proposed settlement in this circumstance.

### E. Signature requirement

Class counsel's only response to Good's objection to the settlement's requirement that objectors personally sign their objections is to note that a few other settlements have imposed the same requirement. Once again, class counsel does not address the substance of the objection: A signature requirement is incompatible with Federal Rule of Civil Procedure 23(c)(2)(B)(iv), which provides that a class member "may enter an appearance through an attorney if the member so desires," and 28 U.S.C. § 1654, which allows individuals to appear and conduct their cases through counsel. *See* Good Objection 17. The citation of the statute and rule belies class counsel's claim (at 23) that the Objector fails to cite any "source of authority." Class counsel offers no reason to disregard these clear and binding sources of authority.

6

**Conclusion**

For these reasons, the objections to the class settlement should be sustained and the settlement should be disapproved.

                                          Respectfully submitted,

                                          /s/ Cary L. Flitter
                                          Cary L. Flitter (admitted pro hac vice)
                                          Flitter Lorenz, P.C.
                                          450 N. Narberth Avenue, Suite 101
                                          Narberth, PA 19072
                                          (610) 822-0782
                                          cflitter@consumerslaw.com

                                          Ariana Lindermayer
                                          MFY Legal Services, Inc
                                          299 Broadway, 4th Floor
                                          New York, NY 10007
                                          (212) 417-3742
                                          alindermayer@mfy.org

                                          Scott Michelman
                                          Allison M. Zieve
                                          Public Citizen Litigation Group
                                          1600 20th Street NW
                                          Washington, DC 20009
                                          (202) 588-1000

**CERTIFICATE OF SERVICE**

  I certify that the foregoing document was served on all parties required to be served this 8th day of April, 2105, through ECF.

                */s/ Cary L. Flitter*
                Cary L. Flitter